UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROMAG FASTENERS, INC., | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:10-cv-1827 (CFD) |
| | : | |
| FOSSIL, INC., FOSSIL STORES I, INC., | : | |
| MACY'S, INC., and MACY's RETAIL | : | |
| HOLDINGS, INC., | : | |
|     Defendants. | : | |

## RULING ON MOTION TO AMEND COMPLAINT

The plaintiff, Romag Fasteners, Inc. ("Romag"), brought this action against Fossil, Inc., Fossil Stores I, Inc., Macy's, Inc., and Macy's Retail Holdings, Inc. (collectively, "defendants") alleging patent infringement in violation of 35 U.S.C. § 271, trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), and unfair competition and unfair trade practices in violation of state law. Romag has moved, pursuant to Federal Rule of Civil Procedure 15(a), to amend the complaint by adding a sixth count—a *qui tam* cause of action for counterfeit marking in violation of 35 U.S.C. § 292. For the reasons that follow, the plaintiff's motion to amend the complaint is denied.

**I.**     **Discussion**

Under Federal Rule of Civil Procedure 15(a), leave to amend the pleadings should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Bood Assocs., 988 F.2d 344, 2540 (2d Cir. 1993).

Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

The defendants claim that the plaintiff's motion to amend should be denied because it would be futile. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. IBM Corp., 310 F.3d 243, 258 (2d Cir. 2002); see Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.").

In its motion to amend, the plaintiffs seek to add a claim for counterfeit marking pursuant to 35 U.S.C. § 292. Section 292 of the Patent Act states:

> [1] Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee," or the like, with the intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee; or
>
> [2] Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public; or
>
> [3] Whoever marks upon, or affixes to, or uses in advertising in connection with any article, the words "patent applied for," "patent pending," or any word

importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public--

Shall be fined not more than $500 for every such offense.

35 U.S.C. § 292(a).

The defendants contend that Romag's counterfeit marking claim, brought under section 292, sounds in fraud and is thus subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). As a matter of first impression, the U.S. Court of Appeals for the Federal Circuit recently held that because "[section] 292 condemns fraudulent or false marking," section 292 claims must meet the particularity requirement of Rule 9(b). In re BP Lubricants USA Inc., 637 F.3d 1307, 1310–11 (Fed. Cir. 2011); see Juniper Networks, Inc. v. Shipley, -- F.3d --, 2011 WL 1601995, at *3 (Fed Cir. Apr. 29, 2011) ("A false marking claim requires an intent to deceive the public and sounds in fraud . . . [a]s such, false marking claims must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b)." (internal citations omitted)).

Romag claims that its counterfeit marking claim is distinct from the false patent marking claims at issue in In re BP Lubricants and Juniper Networks, and is not subject to rule 9(b). Section 292 of the Patent Act, which generally is referred to as the "false marking statute," actually "prohibits three [separate] types of false markings: (1) counterfeit marking (i.e. use of a patent mark without the patent owner's permission); (2) false patent marking (i.e. the use of a patent mark on an unpatented article); and (3) false patent pending marking (i.e. the use of

"patent applied for" or "patent pending" when no patent application covering the article is in fact pending)." 7 Donald S. Chisum, Chisum on Patents § 20.03[7][c][vii] (2005). While false patent marking claims require "intent of deceiving the public" as an element of the offense, counterfeit marking claims only require either "intent of counterfeiting or imitating the mark of the patentee, or of deceiving the public." See 35 U.S.C. § 292(a); see also Chisum, supra, § 20.03[7][c][vii] n.234 (noting that "[i]n the case of counterfeit marking, the intent element is stated in the alternative").

In its Reply Memorandum in Support of its Motion to Amend the Complaint, Romag claims that its counterfeit marking claim relies on the "intent of counterfeiting or imitating the mark of the patentee," as opposed to the "intent . . . of deceiving the public." See Pl.'s Reply Mem. 2–3, ECF No. 59. Therefore, Romag asserts that its counterfeit marking claim does not sound in fraud and is, thus, not subject to the heightened pleading requirements of Rule 9(b). See Fed. R. Civ. P. 9(b) ("[I]ntent . . . may be alleged generally."). No court, to date, has addressed the applicability of Rule 9(b) to the counterfeit marking prong of section 292. In re BP Lubricants and other courts addressing the applicability of Rule 9(b) to section 292 have only applied Rule 9(b) to false patent marking claims. See, e.g., In re BP Lubricants USA Inc., 637 F.3d at 1309 (addressing the applicability of Rule 9(b) to the plaintiff's claim that the defendant intended "to deceive the public in falsely marking unpatented articles with an expired patent"); Brinkmeier v. BIC Corp., 733 F. Supp. 2d 552, 554 (D. Del. 2010) (same); Patent Compliance Group, Inc. v. Wright Medical Technology, Inc., No. 3:10-CV-289-K, 2010 WL 5184344, at *3 (N.D. Texas Dec. 16, 2010) (same); Heathcote Holdings Corp., Inc. v. Crayola LLC, No. 10 C 0342, 2010 WL 5149343, at *1 (N.D. Ill. Dec. 10, 2010) (same); United States v. William

Bounds LTD., No. 10-420, 2010 WL 4788554, at *1 (W.D. Pa. Nov. 17, 2010) (same); Hollander v. Ortho-McNeil-Janssen Pharms., Inc., No. 2:10-cv-00836-RB, 2010 WL 4159265, at *1 (E.D. Pa. Oct. 21, 2010) (same). However, the Court does not need to answer this open question because, despite Romag's assertion to the contrary in its Reply Memorandum, in Romag's proposed Amended Complaint, Romag relies on both "intent of counterfeiting or imitating the mark of the patentee" and "intent . . . of deceiving the public."[1] See Am. Compl. ¶ 50, ECF No. 57. Consequently, since courts have held that an intent to deceive the public sounds in fraud and is subject to Rule 9(b), Romag's counterfeit marking claim must satisfy Rule 9(b).[2] See Chisum, supra, § 20.03[7][c][vii] ("The purpose of the [false marking] statute is to protect the public."); cf. In re BP Lubricants USA Inc., 637 F.3d at 1309 (stating that Rule 9(b) is necessary in false marking claims to prevent unnecessary discovery and adjudication of claims "that do little more than speculate the defendant engaged in more than negligent action").

"[I]n pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed . . . ." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 (Fed. Cir. 2009). Through the allegations set forth in Count Six of the Amended Complaint and the allegations incorporated by reference in Count Six, Romag has generally alleged that the defendants were

---

[1] Although the Court recognizes that "intent to deceive the public" is stated in the disjunctive in the counterfeit marking prong of section 292, Count Six of Romag's proposed Amended Complaint alleges both intent to counterfeit and intent to deceive the public.

[2] The Court's holding that Romag's counterfeit marking claim is subject to the heightened pleading standards under Rule 9(b) has no implication on the outstanding question of whether a counterfeit marking claim that only alleges an intent to counterfeit, not an intent to deceive the public, must satisfy Rule 9(b).

aware of Romag's patent and mark, that the defendants intentionally marked the counterfeit snaps with Romag's patent and mark, and that the defendants offered for sale or sold handbags bearing the counterfeit magnetic snap fasteners. However, such generalized allegations do not satisfy Rule 9(b)'s heightened pleading requirement, especially with respect to the defendants' intent to deceive the public.

Courts have stated that "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public . . . ." Pequignot v. Solo Cup Co., 608 F.3d 1356, 1362, 1363 (Fed. Cir. 2010). Nonetheless, this presumption is not irrebuttable. In fact, "[t]he bar for proving deceptive intent . . . is particularly high, given that the false marking statute is a criminal one, despite being punishable only with a civil fine." Id. at 1363. Although Romag has alleged that the "[d]efendants adopted the name and mark ROMAG with the intent to capitalize on the goodwill generated by Romag's extensive and widespread use and reputation," see Am. Compl. ¶¶ 31, 36, such an allegation falls short of pleading with particularity an intent to deceive. See id. ("Because [section 292] requires that the false marker act for the purpose of deceiving the public, a purpose of deceit, rather than simply knowledge that a statement is false, is required." (internal quotations omitted)). In order to allege fraudulent intent, the plaintiff must allege specific underlying facts, not generalized allegations. See In Re BP Lubricants USA Inc., 637 F.3d at 1312. Here, Romag only alleges that the defendants' unauthorized sale of goods, bearing Romag's trademark, "is *likely* to cause confusion, mistake and/or deceive the consuming public." See Am. Compl. ¶ 38 (emphasis added); see also Juniper Networks, 2011 WL 1601995 at *4 ("A party alleging fraud must set forth more than the neutral facts necessary to identify the transaction.").

Therefore, the Court finds that Romag has not satisfied the heightened pleading standard set forth in Rule 9(b). Consequently, Romag's allegation of counterfeit marking in Count Six of the Amended Complaint does not provide a sufficient basis for withstanding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),[3] and therefore its motion to amend is futile. Accordingly, the Court denies Romag's motion to amend, without prejudice to move to amend with more detailed allegations.

## II.     Conclusion

Accordingly, the plaintiff's motion to amend the complaint [Dkt. #57] is DENIED, without prejudice.

SO ORDERED this 14th day of June 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

---

[3] To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must state a claim for relief that is plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). In determining whether the plaintiff has met this standard, the Court must accept the allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007).