UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROMAG FASTENERS, INC.,

          Plaintiff,

v.                                                                                  No. 3:10cv1827 (MRK)

FOSSIL INC., FOSSIL STORES I, INC.,
MACY'S, INC., and MACY'S RETAIL
HOLDINGS, INC.,

          Defendants.

## RULING AND ORDER

Plaintiff Romag Fasteners, Inc. ("Romag") brought this action against Fossil, Inc., Fossil Stores I, Inc., Macy's, Inc., and Macy's Retail Holdings, Inc. (collectively "Defendants") alleging patent infringement in violation of 35 U.S.C. § 271, trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1141(1) and 1125(a), and unfair competition and unfair trade practices in violation of state law. Romag has now filed a Motion to Amend Complaint [doc. # 67]. For reasons discussed below and those offered in Judge Christopher F. Droney's June 15, 2011 opinion [doc. # 66], Romag's Motion to Amend Complaint [doc. # 67] is DENIED.

As Judge Droney observed, "[a]s a matter of first impression, the U.S. Court of Appeals for the Federal Circuit recently held that because '[section] 292 condemns fraudulent or false marking,' section 292 claims must meet the particularity requirement of Rule 9(b)." Op. [doc. # 66] at 3 (quoting *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011)); *see also Juniper Networks, Inc. v. Shipley*, 643 F.3d 1346, 1350 (Fed Cir. 2011) ("A false marking claim

requires an intent to deceive the public and sounds in fraud. As such, false marking claims must satisfy the heightened pleading standard of Fed. R. Civ. P. 9(b)." (internal citations omitted)).

Romag cannot escape Rule 9(b)'s heightened pleading requirements simply by labeling Defendants' conduct as "intent of counterfeiting or imitating the mark of the patentee" as opposed to intent "of deceiving the public." 25 U.S.C. § 292(a). In a recent decision under § 292, the Federal Circuit held that the statute generally

> condemns fraudulent or false marking. Rule 9(b)'s gatekeeping function is also necessary to assure that only viable § 292 claims reach discovery and adjudication. Permitting a false marking complaint to proceed without meeting the particularity requirements of Rule 9(b) would sanction discovery and adjudication of claims that do little more than speculate that the defendant engaged in more than negligent action.

*In re BP Lubricants USA Inc.*, 637 F.3d at 1311. The court made no distinction, nor is there any to be made, between claims brought for counterfeit marking and those brought for false patent marking. The Federal Circuit, as well as this Circuit, "'requires that the pleadings allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.'" *Id.* (quoting *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009)); *see also Slayton v. Am. Express Co.*, 604 F.3d 758, 766 (2d Cir. 2010) (noting that Rule 9(b) requires plaintiffs to "stat[e] with particularity the circumstances constituting fraud").

The Court may consider futility when evaluating a motion to amend. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962))); *see also Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim

could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)").

The Court denies Romag's proposed amendment as futile. Principally, the Court denies Plaintiff's motion to amend because they do not state sufficient facts to meet 9(b)'s high standard for establishing Defendants' requisite actions or mental state. Romag's draft amended complaint contains many conclusions, but conclusions alone are not sufficient. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) ("Under Rule 9(b), malice, intent, knowledge, and other condition[s] of mind of a person may be averred generally. But because we must not mistake the relaxation of Rule 9(b)'s specificity requirement regarding condition of mind for a license to base claims of fraud on speculation and conclusory allegations, plaintiffs must allege facts that give rise to a strong inference of fraudulent intent." (alterations, quotation marks, and citations omitted)). For its allegations under § 292 to succeed, Romag must allege specific underlying facts. *See In re BP Lubricants USA, Inc.*, 637 F.3d at 1311-12.

The allegation that an action—here, selling unauthorized goods—"is likely to cause confusion, mistake and/or deceive the consuming public" is not sufficient. Am. Compl. ¶ 38 (emphasis added); *see also id.* ¶ 22. Nor is it enough to state that Defendants merely used falsely marked snaps, especially when Defendants did not rely on the snaps in their advertising. *See Inventorprise, Inc. v. Target Corp.*, No. 09-CV-380, 2009 WL 3644076, at *5 (N.D.N.Y. Nov. 2, 2009) (noting that Congress clearly did not intend to impose liability on those who merely "offer[] a mis-marked product for sale in a retail store"). For a § 292 claim to survive, Romag must state facts which allege that Defendants were the actual persons making the false marking. *See Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1361 (Fed. Cir. 2010) ("In order to be liable for false marking, *inter alia*, a party must mark an 'unpatented article.'"). Nor does Romag sufficiently establish that Defendants acted with the necessary state of mind, as it does not allege that

Defendants acted with the intent to counterfeit.

Because Romag's motion does not meet Rule 9(b)'s requirements, the Court DENIES Romag's Motion to Amend [doc. # 67] with prejudice. Should Romag learn, in the course of discovery, of *facts* supporting a claim that Defendants acted with the intent to deceive the public, it may raise this issue with the Court again at that time.

                                             **IT IS SO ORDERED.**

                                             /s/ Mark R. Kravitz, USDJ
                                             Mark R. Kravitz
                                             United States District Judge

Dated at New Haven, CT: **February 8, 2012.**