THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

ROMAG FASTENERS, INC.,

     *Plaintiff,*

v.

FOSSIL, INC.; FOSSIL STORES I, INC.;MACY'S, INC.; MACY'S RETAIL HOLDINGS, INC.; DILLARDS, INC.; NORDSTROM, INC.; THE BON-TON STORES, INC.; THE BON-TON DEPARTMENT STORES, INC.; BELIK, INC.; ZAPPOS.COM, INC.; ZAPPOS RETAIL, INC.,

     *Defendants.*

Case No.: 3:10-cv-1827 (JBA)

March 20, 2014

---

## DEFENDANTS PROPOSED REVISIONS TO THE COURT'S PRELIMINARY JURY INSTRUCTIONS

     Defendants Fossil, Inc., Fossil Stores I, Inc, Macy's Retail Holdings, Inc., Belk, Inc., The Bon-Ton Stores, Inc., The Bon-Ton Department Stores, Inc., Dillard's, Inc., Nordstrom, Inc., Zappos.com, Inc., and Zappos Retail, Inc. (hereinafter "Defendants"), respectfully submit this set of proposed revisions to the Court's Preliminary Jury Instructions that were distributed to counsel on March 18, 2014. Defendants have entered their proposed revisions directly into the text of the Court's Preliminary Jury Instructions, with the proposed revisions visible as tracked changes.

**[SWEAR IN JURY]**

**INDEX**

I.   Duty of the Jury ........................................................................................2

II.  Terminology ............................................................................................2

III.  Evidence ................................................................................................2

IV.  Summary of the Case................................................................................3

 A. Trademark Infringement .............................................................................4

B. False Designation of Origin .........................................................................5

C. State Common Law Unfair Competition .....................................................5

D. Connecticut Unfair Trade Practices Act .....................................................5

E. Patent Infringement ......................................................................................6

V.   Damages .......................................................................................................6

VI.   Conduct of the Jury......................................................................................7

A. Notebook Use.................................................................................................9

VII.   Course of Trial .............................................................................................9

## I.   Duty of the Jury

Good morning. As sworn jurors, it will be your duty in this case to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply those facts to the law as I will give it to you. You must follow that law whether you agree with it or not, although nothing I say should be taken by you as indicating any view on what your verdict should be—that is exclusively your province.

## II.   Terminology

The terms "counsel" or "attorneys" or "lawyers" are synonymous—they mean the same thing. References to "the Court" means the judge presiding over this case.

## III.   Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses and exhibits received in the record.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of one fact from which you could infer or conclude that another fact exists. I will give you further instructions on this as well as other matters that I am touching on now at the end of the case. Just have in mind that you may consider both kinds of evidence— circumstantial evidence as well as

direct evidence. This may not conform to what you have seen on television, in dramatic courtroom scenes, or on newscasts, where a lawyer announces that his opponent's case is weak because it is based on mere "circumstantial evidence." Believe me when I say that any suggestion that circumstantial evidence is not good evidence is simply wrong. The law makes no distinction between direct and circumstantial evidence.

You will be determining witness credibility and it will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness' testimony to accept or reject and what weight, if any, you will give to a witness' testimony.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1.    Statements, arguments, questions by lawyers, and questions that I may ask are not evidence.

2.    Questions put to the witnesses are not evidence.

3.    Objections to questions are not evidence. Lawyers have an obligation to their clients to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

4.    Testimony that I exclude or tell you to disregard is not evidence and must not be considered.

5.    Anything you may have seen or heard outside the courtroom is not evidence and

must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

## IV.    Summary of the Case

Plaintiff Romag Fasteners, Inc. (or "Romag") brings this action against Defendants Fossil, Inc.; Fossil Stores I, Inc.; Macy's, Inc.; Macy's Retail Holdings, Inc.; Dillard's, Inc.; Nordstrom, Inc.; The Bon-Ton Stores, Inc.; The Bon-Ton Department Stores, Inc.; Belk, Inc.; Zappos.com, Inc.; and Zappos Retail, Inc., alleging that Defendants committed trademark infringement, false designation of origin, unfair competition, and unfair or deceptive business practices in violation of federal and state law. Plaintiff also alleges that Defendants Fossil, Inc. and Fossil Stores I, Inc. (or "Fossil") and Macy's, Inc. and Macy's Retail Holdings, Inc. (or "Macy's") committed patent infringement in violation of federal law. Romag claims that Defendants have sold Fossil handbags containing magnetic fasteners that bear the mark ROMAG and the designation U.S. Pat. No. 5,722,126 without Romag's consent. Romag seeks monetary compensation for Defendants' alleged conduct. Defendants deny that they infringed on Plaintiffs trademark and patent rights and that they committed unfair competition or unfair or deceptive business practices, and claim that they used only genuine ROMAG snaps in the handbags they sold. The attorneys for each side will shortly be making their opening statements to give you a roadmap of what their anticipated evidence will consist of.

*     *     *

I will now briefly describe the elements of Plaintiff's legal claims. I will instruct you on the law in more detail at the close of evidence, before you begin your deliberations

### A.    Trademark Infringement

Plaintiff brings a claim for trademark infringement against Defendants under Section

32(1) of the Lanham Act, which is the federal trademark statute, which prohibits the use in commerce of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." In order to prove its claim for trademark infringement, Plaintiff must prove that it is the owner the ROMAG mark, and that this mark is a valid mark entitled to protection. Plaintiff must also prove that Defendants without Romag's consent, used a mark that is likely to cause confusion among consumers. If you find that Plaintiff has proved its claim for trademark infringement, you will also be asked to decide whether Romag proved that infringement was ~~proved~~ willful; that is, that Defendants were actually aware of infringing activity or that Defendants acted with reckless disregard or willful blindness, which I will describe for you in more detail at the close of evidence.

**B.      False Designation of Origin**

Plaintiff also brings a claim for unfair competition, namely false designation of origin— against Defendants pursuant to Section 43(a) of the Lanham Act, which "guards against infringement of unregistered marks and other indicia of origin, including trade dress and trade names." To establish a claim for false designation of origin, Plaintiff must prove that it owns the ROMAG mark and that the ROMAG mark is valid and protectable. Plaintiff must prove that the ROMAG mark is associated with magnetic snap fasteners that the use of the same mark by Defendants constitutes a false representation that Defendants' goods come from the same source, or are affiliated with or sponsored by Romag. Romag must also prove a likelihood of confusion as to the source, sponsorship, approval, or affiliation of the goods.

**C.     State Common Law Unfair Competition**

Plaintiff also brings a claim against Defendants for unfair competition under Connecticut common law. A Connecticut common law claim for unfair competition mirrors the federal claim for unfair competition, in this case false designation of origin.

**D.     Connecticut Unfair Trade Practices Act**

Plaintiff claims that Defendants violated the Connecticut Unfair Trade Practices Act, a Connecticut law commonly known as "CUTPA." In order to succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendants engaged in an unfair method of competition or an unfair or deceptive act or practice in the conduct of trade or commerce and that this caused Plaintiff to sustain an ascertainable loss. I will instruct you further regarding these terms at the close of evidence, before you begin your deliberations.

**E.     Patent Infringement**

Plaintiff claims that Defendants Fossil and Macy's infringed three of the "claims" of United States Patent No. 5,722,126. For convenience, the parties and I will refer to this patent by the last three numbers of the patent number: that is, as the "the '126 patent." The '126 patent relates to magnetic snap fasteners, and the claims that Romag asserts are infringed by Fossil's products are: claims 1, 2, and 3.

The Court has determined the meaning of certain claim language whose meaning has been disputed by the parties, and you must accept the meanings I give you and use them when you are deciding whether any claim of the '126 patent has been infringed. These judicial interpretations are called "claim constructions."

You will be asked to decide is whether Plaintiff has proved that Fossil and Macy's infringed any of the three asserted claims of the '126 patent. Infringement is assessed on a

claim—by—claim basis, meaning that you could find infringement as to one claim but not another. If you find one or more claims to be infringed, you will also be asked to determine whether that infringement was willful. I will provide you with more detailed instructions on the requirements for Plaintiffs patent infringement claim at the conclusion of the case.

**V.    Remedies and Damages**

Finally, if Plaintiff has proven by a preponderance of the evidence that Defendant is liable on any of its claims, then you will determine the damages or remedies to which Plaintiff is entitled. With respect to its trademark infringement claims, Plaintiff is seeking an award of Defendants' profits, if any, that are attributable to Defendants' infringement, rather than some other attributes of the handbags. I will instruct you further as to how profits should be calculated at the conclusion of this case.

With respect to Plaintiffs patent claim, if you find that Plaintiff proved any claim of the 126 patent to have been infringed, you will then go on to decide any money damages to be awarded to Romag to compensate it for the infringement. A damages award should put Romag in approximately the same financial position that it would have been in had the infringement not occurred, calculated as what Romag would have received had it been paid a reasonable royalty. I will instruct you further on the meaning of a reasonable royalty at the conclusion of the case.

Finally, with respect to Plaintiffs state unfair competition claims, you will be asked to determine whether Plaintiff is entitled to an award of punitive damages, which requires Romag to prove that Defendants acted in a way that was intentional, malicious, outrageous and otherwise aggravated beyond mere negligence. If you find that Plaintiff is entitled to an award of punitive damages, the Court will calculate the amount of punitive damages to be awarded after trial.

**VI.      Conduct of the Jury**

Now, a few words about your conduct as jurors.

First, until this case is submitted to you at the end of all of the evidence and after my charge on the applicable law, you must not discuss it with anyone, even with your fellow jurors. After the case is so submitted to you, you must discuss it only in the jury room with your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until the entire case has been submitted to you under instructions of the Court. I remind you of the words of your oath, which I will reread to you:

You do solemnly swear that you will consider the matters in issue between Plaintiff and Defendant according to the law as the judge shall instruct you and based upon the evidence presented in court, and that you will render a true and just verdict during the course of the trial, and until you have announced your verdict in court, you will speak nothing to anyone of the case now before the Court, nor shall you permit any person to speak to you concerning the same. After your verdict has been announced in court, you will speak to no one concerning the deliberations or vote of the jury or of any individual juror other than yourself, unless the presiding judge gives you permission to do so.

Second, during the course of the trial you may meet outside the courtroom one of the lawyers or parties or witnesses or even court personnel. We may appear to be unfriendly or distant. That is how it should be. You are not supposed to have any substantial contact with any of us outside of the formal courtroom setting. So do not be surprised by any apparent aloofness by any of us, and I assure you that none of us will be offended by any aloofness on your part. You should understand that we all have to behave in this way and that you should not hold any of this against any parry.

Third, do not do any research or make any investigation about the case on your own. You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult any dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you have heard all the evidence and the Court's instructions on the law, after which you will retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may discuss the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, My Space, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

These preliminary instructions are intended simply to help orient you as you hear the evidence. Later, after evidence is closed and before you begin deliberations, I will instruct you again in greater detail, particularly on the law applicable to this case. Please bear the principles I

have given you in mind and keep an open mind until you have heard all the evidence and my final and full instructions.

### A.      Notebook Use

If you wish, you may take notes during the trial. If you do, your notes are for your own personal use, and they are not to be given anyone else to read. You should not regard any notes that you or your fellow jurors may take to be a kind of written transcript, and your notes are only to serve as a personal aid to your memory.

Finally, you may not take your notes away from court. At each recess and at the end of each day of trial, please leave your notebooks on your chairs.

## VII.   Course of Trial

The trial will now begin. The attorneys will give opening statements. These statements by counsel are not evidence in any way and their purpose is to give you a roadmap of the evidence presented to you since it will not be presented in chronological order. After opening statements, Plaintiff will begin its evidence in support of its claims. After Plaintiff has presented its evidence, Defendants will present their evidence. Once all the evidence is in, I will instruct you on the law to be applied, and then the attorneys will present their closing arguments to summarize and interpret the evidence for you from their standpoint. Finally, after closing arguments, you will retire to consider your verdict.

Respectfully submitted,

Date: March 20, 2014                           By: /s/ William J. Cass
                                               William J. Cass, ct12806
                                               wcass@cantorcolburn.com
                                               Nicholas A. Geiger, ct28060
                                               ngeiger@cantorcolburn.com
                                               CANTOR COLBURN LLP
                                               20 Church Street, 22nd Floor
                                               Hartford, CT 06103
                                               Telephone: (860) 286-2929
                                               Facsimile: (860) 286-0115


Date: March 20, 2014                           By: /s/ Lauren S. Albert
                                               Lauren S. Albert, (Admitted *Pro Hac Vice*)
                                               lalbert@laurensalbert.com
                                               Lawrence Brocchini (Admitted *Pro Hac Vice*)
                                               lbrocchini@rpl-law.com
                                               The Law Offices of Lauren S. Albert, LLC
                                               41 Madison Avenue, 41st Floor
                                               New York, NY 10010
                                               Telephone: (212) 763-4145
                                               Facsimile: (212) 763-4141


Date: March 20, 2014                           By: /s/ Jeffrey E. Dupler
                                               Jeffrey E. Dupler, (Admitted *Pro Hac Vice*)
                                               jdupler@gibney.com
                                               Gibney, Anthony & Flaherty LLP
                                               665 Fifth Avenue
                                               New York, NY 10022
                                               Telephone: (212) 705-9827
                                               Fax:  (212) 688-8315

                                               *Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 20, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/  William J. Cass*
William J. Cass

12