UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROMAG FASTENERS, INC., <br>     *Plaintiff*, <br>     *v.* <br> FOSSIL, INC. *et al.*, <br>     *Defendants*. | Civil No. 3:10cv1827 (JBA) <br><br> March 24, 2014 |

**RULING ON DEFENDANTS' *DAUBERT* MOTION**

Defendants move [Doc. # 281] *in limine* to exclude the expert opinion testimony of Plaintiff's experts Lisa Steinberg, Terry Van Winkle, and J. Scott Armstrong, arguing that Steinberg and Van Winkle offer "unreliable, unsupported, and conclusory opinions," and that Armstrong offers incomplete opinions, in violation of the standards for the admission of expert testimony announced in *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702.  Plaintiff opposes this motion, arguing that it is untimely and as such, is extremely prejudicial, and that the proffered expert testimony is reliable and would be helpful to the jury in determining whether Defendants' profits are attributable to the use of ROMAG brand snaps in their products. For the following reasons, Defendants motion *in limine* is granted in part and denied in part.

**I.**  **Legal Standard**

The discretion of this Court to admit expert testimony is governed principally by Fed. R. Evid. 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the

product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702; *Nimely v. City of N.Y.,* 414 F.3d 381, 395 (2d Cir. 2005).  The Supreme Court in *Daubert,* 509 U.S. at 597, made clear that Rule 702 charges district courts with "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *See also Nimely,* 414 F.3d at 396.

*Daubert* sets out a list of non-exhaustive factors that trial courts may consider in determining whether an expert's reasoning and methodology are reliable:  (1) whether the theory or technique on which the expert relies has been or could be tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the technique or theory when applied; (4) the existence and maintenance of standards controlling the technique's operation; and (5) whether the theory or technique has been generally accepted in the scientific community.  *Daubert,* 509 U.S. at 593-94; *see also Nimely,* 414 F.3d at 396.  The test of reliability is a "flexible" one depending on the "nature of the issue, the expert's particular expertise, and the subject of his testimony" and no one factor will necessarily be determinative of the reliability of an expert's testimony, because the trial court need only "consider the specific factors identified in *Daubert* where they are reasonable measures of the reliability of expert testimony."  *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 150, 152 (1999); *accord Amorgianos v. Nat'l R.R. Passenger Corp.,* 303 F.3d 256, 265–66 (2d Cir. 2002).

Under the relevancy prong of Rule 702, the Court must also determine if the expert's testimony will assist the trier of fact.  *See Daubert,* 509 U.S. at 59.  "As with any other relevant evidence, the court should exclude expert testimony if its prejudicial effect substantially outweighs its relevance.  In addition, the district court should not admit

testimony that is directed solely to lay matters which a jury is capable of understanding and deciding without the expert's help." *United States v. Mulder,* 273 F.3d 91, 101 (2d Cir. 2001). Moreover, the district court must "carefully circumscribe [the use of expert testimony] to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *United States v. Bilzerian,* 926 F.2d 1285, 1294 (2d Cir. 1991). Thus, "although an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts." *Id.*

## II.  Discussion

Plaintiff offers the testimony of Steinberg, Van Winkle, and Armstrong. Steinberg and Van Winkle opine that the quality of the component hardware in a handbag plays an important role in a consumer's choice of handbag, and Armstrong opines that an experiment, rather than a consumer survey was the appropriate way to determine the role the ROMAG mark plays in consumer decision-making. However, neither Steinberg nor Van Winkle based their opinion on a consumer survey, and Armstrong failed to conduct his proposed experiment, and for these reasons, Defendants argue that their proposed expert testimony is unreliable and incomplete, and should be excluded.

### A.   Prejudice

Plaintiff first argues that Defendants should be precluded from seeking to exclude the testimony of its experts because Defendants have previously filed *Daubert* motions regarding this testimony, the current motion is untimely, and because Plaintiff would be prejudiced by the exclusion of its experts. Defendants do not deny that their motion is untimely, nor do they deny that they previously moved to preclude the exact same testimony on different grounds. Judge Young denied [Doc. ## 235, 236] Defendants'

motions with respect to the testimony of Steinberg and Van Winkle, and denied [Doc. # 234] Defendants' motion without prejudice to renew at trial with respect to the testimony of Armstrong. However, Defendants argue that the Court should still consider their challenge to Plaintiff's proposed expert testimony based on its gatekeeping role under *Daubert*. As the Court explained on the record at the parties' pre-trial conference, "Federal Rule of Evidence 702 imposes a special obligation upon a trial judge to 'ensure that any and all [expert] testimony . . . is not only relevant but reliable.'" *Kuhmo Tire Co.*, 526 U.S. at 147 (quoting *Daubert*, 509 U.S. at 589). The Court has the authority to raise *Daubert* concerns *sua sponte* in order to fulfill this obligation. *Fraser v. Wyeth*, -- F. Supp. 2d --, 2014 WL 129172, at *21 (D. Conn. Jan. 14, 2014). Therefore, although the exclusion of Plaintiff's proposed experts might prejudice Plaintiff's case, the Court will consider the merits of Defendants' *Daubert* challenge in keeping with its duty to ensure that only relevant and reliable expert testimony be presented to the jury.

### B.     Testimony of Lisa Steinberg and Terry Van Winkle[1]

Defendants argue that Steinberg's and Van Winkle's proposed expert testimony represents the unreliable *ipse dixit* of the proposed experts, based solely on their respective personal experiences, rather than a reasoned analysis of the data in a consumer survey, and as such, their testimony should be excluded from trial. Specifically, Defendants object to Steinberg's and Van Winkle's testimony regarding the role quality hardware plays in a consumer's decision to purchase a particular handbag. (*See* Steinberg

---

[1] At oral argument, Plaintiff's counsel conceded that paragraph 13 of Van Winkle's expert report should be struck, because Judge Young struck the nearly identical paragraph 12 from Steinberg's report in his ruling [Doc. # 235] on the Defendants' first *Daubert* motion. Similarly, Judge Young previously ruled [Doc. # 236] that paragraph 15 should be struck from Van Winkle's report. Thus, Van Winkle will not be permitted to testify as to these two paragraphs.

Expert Report, Ex. 2 to Cass. Decl. [Doc. # 294] ¶ 15 ("It is my understanding that Fossil contends that only a small part of its profits are due to the counterfeit magnetic snaps. However, hardware is a key component of a handbag.  Good-looking, distinctive hardware can literally sell a bag.  In my opinion, the hardware cannot be separated from other elements of the bag in determining what motivates a consumer to make a purchase."); Van Winkle Expert Report, Ex. 4 to Cass Decl. ¶ 16 ("Hardware is a key component of a handbag.  In my opinion, the hardware cannot be separated from other elements of the bag in determining what motivates a consumer to make a purchase.").)  At oral argument, Defendants expanded their objection to the entirety of Steinberg's and Van Winkle's reports, arguing that neither witness is qualified as an expert with respect to the market for Fossil's products, and that their testimony is entirely irrelevant to this case.[2]

Defendants' primary challenge to the proposed expert testimony of Steinberg and Van Winkle is that they have not based their opinions on a consumer survey. *See Patsy's Italian Restaurant, Inc. v. Banas*, 531 F. Supp. 2d 483, 486 (E.D.N.Y. 2008) (excluding expert opinion testimony regarding the likelihood of consumer confusion as unreliable and unhelpful to the jury because it was not based on a consumer survey); *New Colt Holding Corp. v. RJG Holdings of Fla., Inc.*, No. Civ. 3:02CV173 (PCD), 2003 WL 23508131, at *4 (D. Conn. Aug. 11, 2003) (same.)   However, the mere fact that the proposed testimony is not based on a scientific process does not mean that it is invalid. As the Advisory Committee Notes to the 2000 Amendment for Rule 702 explain:

---

[2] The Court has serious doubt that these opinions can serve to rebut Dr. Jay's consumer survey on the role of the ROMAG mark in consumer decision-making, as opposed to serving as background information for jurors about manufacturer's considerations in design and production detail.

"Nothing in this amendment is intended to suggest that experience alone—or experience in conjunction with other knowledge, skill, training or education—may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony." The Supreme Court has recognized that "an expert might draw a conclusion from a set of observations based on extensive and specialized experience." *Kumho Tire Co.*, 526 U.S. at 156.

Here, both Van Winkle and Steinberg have extensive experience in their respective fields. Steinberg has twenty-five years of experience in product development and production with respect to the selection, specification, purchase, and use of the hardware in handbags and small leather accessories. (Steinberg Expert Report ¶ 3.) Similarly, Van Winkle has twenty years of experience in the manufacture of handbag hardware, including the specification and purchase of hardware for use in handbags and small leather accessories. (Van Winkle Report ¶ 3.) Defendants argue that because Van Winkle only worked for one company—Coach—he is not qualified to testify as an expert with respect to the entire handbag industry, and that because Steinberg only worked with lower-priced accessories, and never specified Romag snaps in her work, she is not qualified to testify as to the sector of the handbag industry to which Fossil belongs. However, the upshot of Defendants' arguments seems to be to suggest that only an employee of Fossil could testify as an expert in Fossil's industry. Van Winkle has years of experience working for an industry leader in the higher-end sector to which Fossil belongs, and Steinberg's experience in hardware specification for less expensive handbags also gives her insight into why higher-end manufacturers might make different choices

6

than the manufacturers for which she worked.  Therefore, Defendants' argument that Steinberg and Van Winkle are not qualified as experts lacks merit.

Steinberg and Van Winkle propose to testify regarding the demand for magnetic snap fasteners, how manufacturers choose which fasteners to specify, the process by which handbag manufacturers procure both generic and Romag fasteners, particularly in China, what features manufacturers take into account in handbag design and manufacturing predicated on their experience with consumer market response.  Such testimony would provide relevant contextual information about the handbag industry and manufacturing handbags in China for the jury which could be helpful to them in evaluating the parties' evidence.  Thus, Steinberg's and Van Winkle's proposed expert testimony will not be excluded in its entirety.  However, the Court will exclude several portions of their respective reports.

With respect to the Steinberg Report, Judge Young has already excluded paragraph 12 of the report.  Furthermore, the Court concludes that paragraph 14 should be modified to state that "handbag makers like Fossil" are in the best position to avoid counterfeiting, and Steinberg will not be permitted to opine as to whether Fossil specifically was in the best position to avoid counterfeiting.  The first sentence of paragraph 15 will also be struck, and Steinberg will not be permitted to opine as to what Fossil is arguing.  With respect to the Van Winkle Report, Judge Young has already struck paragraph 15, and Plaintiff concedes that paragraph 13 should be struck in order to maintain consistency with Judge Young's ruling striking paragraph 12 of the Steinberg Report.  Therefore, Defendants' motion is granted with respect to paragraphs 12, 14 in part, and 15 in part of the Steinberg Report and paragraphs 13 and 15 of the Van Winkle Report, and denied in all other respects.

### C. Testimony of J. Scott Armstrong

Defendants also object to the testimony of Armstrong on the basis that it is incomplete. Specifically, Defendants object to Armstrong's proposed testimony that Jay should have conducted an experiment, rather than a consumer survey, and that the Jay survey was methodologically flawed (Armstrong Expert Report, Ex. 7 to Cass Decl. at 7–8, Appx.), because Armstrong never himself conducted the proposed experiment, and admitted in his deposition that he had not fully analyzed the list of alleged flaws in Jay's survey (Armstrong Dep. Tr., Ex. 6 to Cass Decl. at 108–10). In its opposition, Plaintiff represents that Armstrong will not be testifying as to the potential shortcomings of the Jay survey detailed in the appendix to his report (Pl.'s Opp'n [Doc. # 361] at 12–13), and thus Defendants' motion is moot to the extent that it challenges the appendix as incomplete.

With respect to Defendants' argument that Armstrong's proposed testimony is incomplete because he failed to conduct his proposed experiment, other courts have permitted expert rebuttal testimony to critique an opponent's expert where the rebuttal expert did not conduct his or her own alternative analysis. *See Aviva Sports, Inc. v. Fingerhut Direct Marketing, Inc.*, 829 F. Supp. 2d 802, 834 (D. Minn. 2011) ("[R]ebuttal expert witnesses may criticize other experts' theories and calculations without offering alternatives."); *Smith v. Wal-Mart Stores, Inc.*, 537 F. Supp. 2d 1302, 1324–25 (N.D. Ga. 2008) (holding that rebuttal expert could critique opposing expert's survey based on his specialized knowledge and experience without conducted his own tests or experiments). Contrary to Defendants' argument, Armstrong's proposed testimony regarding a consumer experiment is not incomplete. Armstrong does not propose to testify regarding the hypothetical outcome of the proposed experiment. Rather, he proposes to

8

testify, based on his extensive experience in marketing and survey research as to the flaws in Jay's survey, and how those flaws could have been corrected with a different design. The Court concludes, based on Armstrong's extensive marketing experience, that such rebuttal testimony is relevant, reliable, and would be helpful to the jury.[3] Therefore, Defendants' motion *in limine* is denied with respect to Armstrong's proposed expert testimony.

### III. Conclusion

For the foregoing reasons, Defendants' Motion [Doc. # 282] *in Limine* to Exclude the Unreliable Expert Opinion Testimony of Lisa Steinberg, Terry Van Winkle, and J. Scott Armstrong is GRANTED, with respect to paragraphs 12, 14 in part, and 15 in part of the Steinberg Report, and paragraphs 13 and 15 of the Van Winkle Report, and DENIED in all other respects.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 24th day of March, 2014.

---

[3] At oral argument, Defendants expanded their objection to Armstrong, arguing that his testimony was irrelevant because it did not discuss the importance of the Romag brand, as opposed to the importance of brands in general. However, Plaintiff's counsel clarified that Armstrong would be called as a rebuttal witness to Jay, and thus the full scope of his testimony will be governed by the content of Jay's testimony at trial. Plaintiff's witness list proposes a more expansive scope of anticipated testimony, beyond rebuttal to Dr. Jay's methodology.