UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROMAG FASTENERS, INC., | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:10CV1827(JBA) |
| | : | |
| v. | : | |
| | : | |
| FOSSIL, INC., ET AL., | : | |
| | : | |
| Defendants. | : | MARCH 27, 2014 |

**PLAINTIFF ROMAG FASTENERS, INC.'S
SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS**

Pursuant to Rule 51(a) of the Federal Rules of Civil Procedure, Plaintiff Romag Fasteners, Inc. ("Romag") submits the following supplemental proposed jury instructions.

Romag contends that the First Sale or Exhaustion Defense has not been adequately pled by any Defendant, and is therefore waived, and, in the alternative if not waived, then Defendants have failed, as a matter of law, to meet their burden to provide sufficient evidence from which a jury could reasonably conclude that Defendants have established such a defense. Submission of the following proposed instruction is without prejudice to the foregoing arguments and does not constitute a waiver of the foregoing arguments.

**First Sale or Exhaustion Defense to Trademark and Patent Claims**

Defendants allege that they should not be liable for infringement of Romag's trademark or patent by application of the first sale or exhaustion defense. A trademark owner has the exclusive right to sell products bearing its trademark. Likewise, a patent owner has an exclusive right to prevent others from making or selling the patented invention, as defined by the claims, within the United States before the term of the patent expires. Once the product is sold by the trademark or patent owner, or its licensee, the purchaser may transfer that product to another without the trademark owner's or patent owner's permission. However, this right to transfer only applies to the unit of the product actually sold, and not to other units of the product.

To establish the first sale defense to trademark infringement or the exhaustion defense to patent infringement, Defendants must prove by a preponderance of the evidence

1. That the magnetic snap fasteners that Superior purchased from Hechuang for Fossil handbags from the period of August 2008 through November 2010 were made by Romag or its licensee, Wing Yip; and

2. That Hechaung lawfully acquired the magnetic snap fasteners from Romag or Wing Yip.

If you find that Defendants have proven the above elements by a preponderance of the evidence, your verdict must be for Defendants on the claim for infringement of Romag's trademark and patent.

_____

Adapted from Eleventh Circuit, Civil Pattern Jury Instructions § 9.26 (2013); see Keurig, Inc. v. Sturm Foods, Inc., 732 F.3d 1370, 1373 (Fed. Cir. 2013) ("Patent exhaustion is an affirmative defense to a claim of patent infringement."); Jazz Photo Corp. v. U.S., 439 F.3d 1344, 1350 (Fed. Cir. 2006) (recognizing "a patent-exhausting first sale" as an affirmative defense to patent infringement); Monsanto Co. v. Scruggs, 459 F.3d 1328, 1334 (Fed. Cir. 2006) (stating that patent exhaustion is an affirmative defense); Vernor v. Autodesk, Inc., 621 F.3d 1102, 1107 (9th Cir. 2010) (first sale doctrine is an affirmative defense to copyright infringement); Maya Swimwear, Corp. v. Maya Swimwear, LLC, 789 F. Supp. 2d 506, 514 (D. Del. 2011) ("the affirmative defense of the first sale doctrine or 'trademark exhaustion' prevents a finding of liability . . . ."); Dan-Foam A/S v. Brand Named Beds, LLC, 500 F. Supp. 2d 296, 326 (S.D.N.Y. 2007) (stating that "first sale doctrine" is a "defense" to trademark infringement); Tanning Research Labs., Inc. v. Worldwide Imp. & Exp. Corp., 803 F. Supp. 606, 609 (E.D.N.Y. 1992) (authorized foreign sale is affirmative defense to trademark infringement); cf. MGE UPS Systems, Inc. v. Fakouri Elec. Engineering, Inc., 422 F. Supp. 2d 724, 736 (N.D. Tex. 2006) (holding that the defendant must prove a lawful chain of title as a required element of the first sale defense); Microsoft Corp. v. Software Wholesale Club, Inc., 129 F. Supp. 2d 995, 1008 (S.D. Tex. 2000) (holding that the defendants did not meet their burden of proving lawful chain of title as an element of the first sale doctrine); Microsoft Corp. v. Harmony Computers & Elec., Inc., 846 F. Supp. 208, 212 (E.D.N.Y. 1994) (holding that, in a copyright action, defendant has burden to prove product that it resold was "lawfully made or acquired" from the copyright holder).

                                                ROMAG FASTENERS, INC.

                          By:/s/ *David R. Schaefer*
                              David R. Schaefer (ct 04334)
                              Sean M. Fisher (ct 23087)
                              BRENNER, SALTZMAN & WALLMAN LLP
                              271 Whitney Avenue
                              New Haven, Connecticut  06511
                              203-772-2600  Telephone
                              203-562-2098  Facsimile
                              dschaefer@bswlaw.com
                              sfisher@bswlaw.com

                                        and

                              Norman H. Zivin (ct 08103)
                              Tonia A. Sayour (admitted pro hac vice)
                              COOPER & DUNHAM LLP
                              30 Rockefeller Plaza
                              New York, New York  10112
                              212-278-0400  Telephone
                              212-391-0525  Facsimile
                              nzivin@cooperdunham.com
                              tsayour@cooperdunham.com

                              Attorneys for Plaintiff Romag Fasteners, Inc.

## **CERTIFICATE OF SERVICE**

     I hereby certify that on March 27, 2014, a copy of foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

                                                    */s/ David R. Schaefer*
                                                      David R. Schaefer