UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROMAG FASTENERS, INC., <br>     *Plaintiff,* <br> v. <br> FOSSIL, INC., *et al.,* <br>     *Defendants.* | Civil No. 3:10cv1827 (JBA) |

**JURY VERDICT**

A.    **TRADEMARK LIABILITY**

    1.    *Trademark Infringement*

Has Romag proved by a preponderance of the evidence that Defendants have infringed upon its federally registered mark ROMAG?

| | | |
|---|---|---|
| Fossil, Inc. and Fossil Stores I, Inc. | Yes ☒ | No ☐ |
| Belk, Inc. | Yes ☐ | No ☒ |
| The Bon-Ton Stores, Inc. and The Bon-Ton Department Stores, Inc. | Yes ☐ | No ☒ |
| Dillard's, Inc. | Yes ☐ | No ☒ |
| Macy's, Inc. and Macy's Retail, Inc. | Yes ☐ | No ☒ |
| Nordstrom, Inc. | Yes ☐ | No ☒ |
| Zappos.com, Inc. and Zappos Retail, Inc. | Yes ☐ | No ☒ |

*Proceed to Question A.2.*

2. *False Designation of Origin*

Has Romag proved by a preponderance of the evidence that Defendants falsely represented that their goods come from the same source, or are affliated with or sponsored by Romag Fasteners, Inc.?

| | | |
|---|---|---|
| Fossil, Inc. and Fossil Stores I, Inc. | Yes ☒ | No ☐ |
| Belk, Inc. | Yes ☐ | No ☒ |
| The Bon-Ton Stores, Inc. and The Bon-Ton Department Stores, Inc. | Yes ☐ | No ☒ |
| Dillard's, Inc. | Yes ☐ | No ☒ |
| Macy's, Inc. and Macy's Retail, Inc. | Yes ☐ | No ☒ |
| Nordstrom, Inc. | Yes ☐ | No ☒ |
| Zappos.com, Inc. and Zappos Retail, Inc. | Yes ☐ | No ☒ |

*If you answered "Yes" to Question A.1 or Question A.2 with respect to any Defendant, proceed to Question A.3. If you answered "No" to Question A.1 and Question A.2 with respect to all Defendants, proceed to Section C.*

3. Has Romag proved by a preponderance of the evidence that Defendants' trademark infringement was willful?

| | | |
|---|---|---|
| Fossil, Inc. and Fossil Stores I, Inc. | Yes ☐ | No ☒ |
| Belk, Inc. | Yes ☐ | No ☒ |
| The Bon-Ton Stores, Inc. and The Bon-Ton Department Stores, Inc. | Yes ☐ | No ☒ |
| Dillard's, Inc. | Yes ☐ | No ☒ |

| | | |
|---|---|---|
| Macy's, Inc. and Macy's Retail, Inc. | Yes ☐ | No ☒ |
| Nordstrom, Inc. | Yes ☐ | No ☒ |
| Zappos.com, Inc. and Zappos Retail, Inc. | Yes ☐ | No ☒ |

If your answer to Question A.3 is "Yes" with respect to any Defendant, on what date do you find that Defendant's willful infringement began?

Fossil, Inc. and Fossil Stores I, Inc.    _____

Belk, Inc.    _____

The Bon-Ton Stores, Inc.
and The Bon-Ton Department Stores, Inc.    _____

Dillard's, Inc.    _____

Macy's, Inc. and Macy's Retail, Inc.    _____

Nordstrom, Inc.    _____

Zappos.com, Inc. and Zappos Retail, Inc.    _____

*Proceed to Section B.*

B.  **TRADEMARK DAMAGES**

1. What amount of profits do you find that Romag proved by a preponderance of the evidence that each Defendant made on the sale of the accused handbags which should be awarded to Plaintiff to prevent unjust enrichment to Defendants?

| | |
|---|---|
| Fossil, Inc. and Fossil Stores I, Inc. | $ 90,759.36 |
| Belk, Inc. | $ 0 |
| The Bon-Ton Stores, Inc. and The Bon-Ton Department Stores, Inc. | $ 0 |
| Dillard's, Inc. | $ 0 |
| Macy's, Inc. and Macy's Retail, Inc. | $ 0 |
| Nordstrom, Inc. | $ 0 |
| Zappos.com, Inc. and Zappos Retail, Inc. | $ 0 |

*Proceed to Question B.2.*

2. What amount of profits do you find that Romag proved by a preponderance of the evidence that each Defendant made on the sale of the accused handbags which should be awarded to deter future trademark infringement?

| | |
|---|---|
| Fossil, Inc. and Fossil Stores I, Inc. | $ 6,704,046 |
| Belk, Inc. | $ 0 |
| The Bon-Ton Stores, Inc. and The Bon-Ton Department Stores, Inc. | $ 0 |
| Dillard's, Inc. | $ 0 |
| Macy's, Inc. and Macy's Retail, Inc. | $ 0 |

| | |
|---|---|
| Nordstrom, Inc. | $ __0__ |
| Zappos.com, Inc. and Zappos Retail, Inc. | $ __0__ |

*Proceed to Question B.3.*

3. Have Defendants proved by a preponderance of the evidence that any portion of the profits earned from the sale of the accused handbags was attributable to factors other than the use of the ROMAG mark?

Yes  ☒    No  ☐

If your answer to Question B.3 is "Yes," what percentage of Defendants' profits earned from the sale of the accused handbags was attributable to factors other than the use of the ROMAG mark?

__99__ %

C.  **STATE LAW LIABILITY**

    1.    Has Romag proved by a preponderance of the evidence that Defendants have engaged in unfair competition under Connecticut common law?

| Defendant | Yes | No |
|---|---|---|
| Fossil, Inc. and Fossil Stores I, Inc. | ☒ | ☐ |
| Belk, Inc. | ☐ | ☒ |
| The Bon-Ton Stores, Inc. and The Bon-Ton Department Stores, Inc. | ☐ | ☒ |
| Dillard's, Inc. | ☐ | ☒ |
| Macy's, Inc. and Macy's Retail, Inc. | ☐ | ☒ |
| Nordstrom, Inc. | ☐ | ☒ |
| Zappos.com, Inc. and Zappos Retail, Inc. | ☐ | ☒ |

*Proceed to Question C.2.*

    2.    Has Romag proved by a preponderance of the evidence that Defendants have engaged in a violation of the Connecticut Unfair Trade Practices Act ("CUTPA")?

| Defendant | Yes | No |
|---|---|---|
| Fossil, Inc. and Fossil Stores I, Inc. | ☒ | ☐ |
| Belk, Inc. | ☐ | ☒ |
| The Bon-Ton Stores, Inc. and The Bon-Ton Department Stores, Inc. | ☐ | ☒ |
| Dillard's, Inc. | ☐ | ☒ |
| Macy's, Inc. and Macy's Retail, Inc. | ☐ | ☒ |
| Nordstrom, Inc. | ☐ | ☒ |

Zappos.com, Inc. and Zappos Retail, Inc.                Yes  ☐                No  ☒

*If you answered "Yes" to either Question C.1 or Question C.2 with respect to any Defendant, proceed to Section D. If you answered "No" to both questions with respect to all Defendants, proceed to Section E.*

D.  STATE LAW DAMAGES

1.  If you find any Defendant liable with respect to Romag's state common law unfair competition claim, do you find that Romag is entitled to an award of punitive damages against that Defendant with respect to that claim?

| | | | | |
|---|---|---|---|---|
| Fossil, Inc. and Fossil Stores I, Inc. | Yes | ☐ | No | ☒ |
| Belk, Inc. | Yes | ☐ | No | ☒ |
| The Bon-Ton Stores, Inc. and The Bon-Ton Department Stores, Inc. | Yes | ☐ | No | ☒ |
| Dillard's, Inc. | Yes | ☐ | No | ☒ |
| Macy's, Inc. and Macy's Retail, Inc. | Yes | ☐ | No | ☒ |
| Nordstrom, Inc. | Yes | ☐ | No | ☒ |
| Zappos.com, Inc. and Zappos Retail, Inc. | Yes | ☐ | No | ☒ |

*Proceed to Question D.2.*

2.  If you find any Defendant liable with respect to Romag's CUTPA claim, do you find that Romag is entitled to an award of punitive damages against that Defendant with respect to that claim?

| | | | | |
|---|---|---|---|---|
| Fossil, Inc. and Fossil Stores I, Inc. | Yes | ☐ | No | ☒ |
| Belk, Inc. | Yes | ☐ | No | ☒ |
| The Bon-Ton Stores, Inc. and The Bon-Ton Department Stores, Inc. | Yes | ☐ | No | ☒ |
| Dillard's, Inc. | Yes | ☐ | No | ☒ |
| Macy's, Inc. and Macy's Retail, Inc. | Yes | ☐ | No | ☒ |
| Nordstrom, Inc. | Yes | ☐ | No | ☒ |

Zappos.com, Inc. and Zappos Retail, Inc.          Yes  ☐          No  

*Proceed to Section E.*

E.    PATENT LIABILITY

    1.    Has Romag proved by a preponderance of the evidence that Fossil and/or Macy's have infringed the asserted claims of the '126 patent?

Fossil, Inc. and Fossil Stores I, Inc.

| | | |
|---|---|---|
| Claim 1 | Yes ☒ | No ☐ |
| Claim 2 | Yes ☒ | No ☐ |
| Claim 3 | Yes ☒ | No ☐ |

Macy's, Inc. and Macy's Retail, Inc.

| | | |
|---|---|---|
| Claim 1 | Yes ☒ | No ☐ |
| Claim 2 | Yes ☒ | No ☐ |
| Claim 3 | Yes ☒ | No ☐ |

*If you answered "Yes" to Question E.1 with respect to either Fossil or Macy's, proceed to Question E.2. If you answered "No" to Question E.1 with respect to both Fossil and Macy's, your deliberations are complete. The foreperson should sign and date this verdict form.*

    2.    Has Romag proved by clear and convincing evidence that Fossil's and Macy's patent infringement was willful?

| | | |
|---|---|---|
| Fossil, Inc. and Fossil Stores I, Inc. | Yes ☐ | No ☒ |
| Macy's, Inc. and Macy's Retail, Inc. | Yes ☐ | No ☒ |

    *Proceed to Section F.*

F.   **PATENT DAMAGES**

1. If you find that Romag has proved that Fossil's and Macy's infringed any of the asserted claims of the '126 patent, what do you find to be the reasonable royalty rate that will fairly and reasonably compensate Romag for Defendants' patent infringement?

Fossil, Inc. and Fossil Stores I, Inc.              $.09 price per unit

Macy's, Inc. and Macy's Retail, Inc.              $.09 price per unit

Based on that reasonable royalty rate, what amount of patent damages do you award to Romag?

Fossil, Inc. and Fossil Stores I, Inc.              $ 51,052.14

Macy's, Inc. and Macy's Retail, Inc.              $ 15,320.61

*Your deliberations are complete. The foreperson should sign and date this verdict form.*

_____
SIGNATURE OF FOREPERSON

_____
PRINTED NAME OF FOREPERSON

Dated at New Haven, Connecticut this **3** day of **April**, 2014 at **4:38** a.m./**p.m.**

11