UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROMAG FASTENERS, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>FOSSIL, INC., FOSSIL STORES I, INC., MACY'S, INC., and MACY'S RETAIL HOLDINGS, INC.,<br><br>*Defendants.* | Civil No. 3:10cv1827 (JBA)<br><br>October 15, 2018 |

## RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION

Background for this ruling is found in the Amended Partial Final Judgment entered on November 8, 2017 which incorporated Plaintiff's damage award but noted that "[e]ntitlement to prejudgment interest will be decided separately." (Am. Partial Final J. [Doc. # 539] at 2.) The Court later determined Plaintiff's entitlement to prejudgment interest and attorneys' fees. (Ruling on Pl.'s Request [Doc. # 553].) Plaintiffs then filed an Expedited Motion for Entry of Final Judgment [Doc. # 554], seeking immediate entry of an amended final judgment incorporating the Court's finding on Plaintiff's entitlement to prejudgment interest, among other things. The Court granted Plaintiff's Motion and entered the requested Final Judgment [Doc. # 555] but before Defendants' opposition was filed, Defendants represent that they had apparently advised chambers that it was forthcoming, prompting Defendants' motion for reconsideration of that entry of judgment. (Defs.' Mot. For Reconsideration [Doc. # 556].) The Court grants Defendants' Motion for Reconsideration and chooses to appropriately amend the extant Amended Partial Judgment to

simply and clearly add the pretrial interest determination and clarify the dates from which post-judgment interest runs on damages and separately on attorneys' fees and costs.

I.   Discussion

First, Defendants assert that instead of issuing Plaintiff's proposed Final Judgment, the Court should have issued an updated version of the previously entered Amended Partial Final Judgment, altered only to include the prejudgment interest figure. (Defs.' Resp. [Doc. # 556-1] at 3.) Defendants argue that Plaintiff's proposed Final Judgment improperly eliminates language from the Amended Partial Final Judgment regarding the scope of the Court's proceedings on remand that was agreed upon by the parties prior to entry of that Judgment. (*Id.* at 4. ("Romag should not, under the guise of seeking emergency relief, be permitted to eliminate agreed-upon language in the Current Patent Judgment making clear that trademark profits were not within the Court's jurisdiction or contemplation on remand, and, thus, are not implicated in the new patent damages judgment.").)

Since Plaintiff's proposed judgment—entered by the Court on September 12, 2018—differs from the parties' agreed-upon language of the earlier Amended Partial Final Judgment, and notwithstanding its full incorporation of "[t]hat Amended Partial Final Judgment," (Final J. [Doc. # 555] at 1), the better course is to vacate the Final Judgment and to enter a Second Amended Final Judgment to eliminate concerns arising from substantial deviation from the stipulated language.

Defendants argue that the Final Judgment inaccurately states that "post-judgment interest at the rate of 1.53% should accrue on the attorneys' fee and cost award from November 8, 2017" and that interest on the attorneys' fee award should instead accrue only from the Court's ruling on attorneys' fees on August 16, 2018. (Defs.' Mot. at 2; Defs.' Resp. at 6.) The Second Circuit has not ruled on this question, but the district courts in this Circuit have widely followed the approach of

2

*Albahary v. City and Town of Bristol, Conn.*, 96 F. Supp. 2d. 121, 124 (D. Conn. 2000), finding that interest on attorneys' fees should accrue from the date of judgment, not from the date upon which the fee award is quantified. *See also Crawford v. City of New London*, 3:11-cv-1371 (JBA), 2015 WL 1125491 at *10 (D. Conn. March 12, 2015) (same). Also, in its August 16, 2018 ruling on attorneys' fees, the Court indicated that post-judgment interest on those fees should run from November 8, 2017, the date of entry of the Amended Partial Final Judgment. (Ruling on Pl.'s Req. at 22.) Therefore, the Second Amended Final Judgment will reflect that post-judgment interest on the award of attorneys' fees accrues from the entry of judgment on November 8, 2017.

Finally, Defendants argue that Plaintiff's "contrived 'emergency'" was "created by their delay in seeking relief" and therefore did not require immediate action by the Court, and that a separate entry of judgment regarding the attorneys' fees award is not necessary. (Defs.' Resp. at 5-6.) Now learning of Defendants' attempt to advise of its forthcoming opposition, the Court regrets its immediate entry of judgment, but notes that Defendants make no argument that the Court was not authorized to incorporate its attorneys' fees ruling in the judgment.

II. **Conclusion**

For the reasons stated above, Defendants' Motion for Reconsideration is GRANTED, the Final Judgment [Doc. # 555] entered on September 12, 2018 will be vacated, and a Second Amended Final Judgment will be entered consistent with this ruling.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of October 2018.